IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

IN RE:                                          *

NKIAMBI JEAN LEMA                               *               CASE NO. 18-23004 MMH

       DEBTOR                                   *               CHAPTER 13

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WORTHINGTON ALTERNATIVE CAPITAL, LLC          *

       MOVANT                                   *

v.                                              *

NKIAMBI JEAN LEMA                               *

ROBERT S. THOMAS, II                            *
CHAPTER 13 TRUSTEE
                                                *
       RESPONDENTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

Worthington Alternative Capital, LLC, by Gordon B. Heyman, and Alliant Legal Services, LLC, its

attorneys, seeks relief from the automatic stay of 11 U.S.C. §362 as follows:

1. Worthington Alternative Capital, LLC, (the "Movant") is a party in interest in the above-

captioned bankruptcy proceedings by virtue of being a secured creditor of Nkambia Jean Lema (the

"Debtor").

2.  The jurisdiction of this Court is pursuant to 28 U.S.C. 1334 and U.S.C. 157.

3.  On or about September 30, 2018, the Debtor filed a Voluntary Petition under Chapter 13

of the U.S. Bankruptcy Code.

4.  Robert S. Thomas is the Chapter 13 Trustee of Debtor's bankruptcy estate.

5.  The Debtor executed a Promissory Note (the "Note"), on April 3, 2017, as evidence of a loan in the principal sum of $260,000.00.  A copy of the Note is attached hereto as Movant's Exhibit "1".

6.  The Debtor owns certain real property located in Baltimore City, Maryland known commonly as 230 East 25th Street (the "Baltimore City Property"), and certain real property located in Baltimore County, Maryland known commonly as 3605 Blair Avenue (the "Baltimore County Property"). The Baltimore City Property and the Baltimore County Property secure the Note and are more particularly described in a Deed of Trust, Security Agreement, and Assignment of Contracts, Leases and Rents (the "Deed of Trust") dated April 3, 2017 and executed by Debtor for the benefit of the Movant.  The Deed of Trust is recorded among the Land Records of Baltimore City, Maryland in Book 20419, page 38, as to the Baltimore City Property, and recorded among the Land Records of Baltimore County, Maryland in Book 39032, page 139, as to the Baltimore County Property.  A copy of the Deed of Trust securing the Baltimore City Property is attached hereto as Movant's Exhibit "2".  A copy of the Deed of Trust securing the Baltimore County Property is attached hereto as Movant's Exhibit "3".  The original principal amount of the Deed of Trust is $260,000.00.

7.  The total of the debt owed as of the Petition date, not including all of the costs and expenses of foreclosure, is $270,846.76, as of September 30, 2018, as shown by the statement attached hereto as Movant's Exhibit "4".

8.  The amount of arrears accrued pre-petition on the loan is $53,205.78, plus pre-petition expenses of $9,532.71, as shown by the pre-petition statement attached hereto as Movant's Exhibit

"5".

9. The amount of arrears accrued post-petition is $70,025.76, plus post-petition expenses of $2,223.72 as shown by the post-petition Statement attached hereto as Movant's Exhibit "5".

10. The Debtor has failed to maintain the required insurance for the Property.

11. Upon filing of the aforesaid Petition by the Debtor an automatic stay pursuant to 11 U.S.C. 362 took effect prohibiting, among other things, commencement of legal action against the Debtor or her Property by the Movant.

12. Such Property is not necessary to an effective reorganization of the Debtor.

13. The Movant has been and continues to be irreparably injured by the automatic stay of 11 U.S.C. 362 which prevents the Movant from enforcing its contractual right of foreclosure pursuant to the Deed of Trust.

14. Adequate protection has not been provided to the Movant in connection with the Deed of Trust and the Property.

15. Debtor does not have any equity in the property described above.

WHEREFORE, THE MOVANT prays that this Court enter an Order:

a.      Modifying the automatic stay of 11 U.S.C. 362 to enable the Movant to proceed with the foreclosure sale of the Property mentioned herein pursuant to the Deed of Trust and to allow the successful purchaser at foreclosure sale to obtain possession of same;

b.      Providing adequate protection to Movant in connection with the Deed of Trust; and

c.      For such other and further relief as the nature of Movant's cause may require.

/s/ Gordon B. Heyman
Gordon B. Heyman, Esquire
Alliant Legal Group, LLC
6 Reservoir Circle, Suite 203
Baltimore, MD 21208
(410) 356-1255
Fed. Bar No.: 02479
gheyman@alliantlegal.com
Attorneys for Worthington Alternative Capital, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 21st day of June, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY will be served electronically by the Court's CM/ECF system on the following:

Robert S. Thomas II
Chapter 13 Bankruptcy Trustee

Kim D. Parker, Esquire
Debtor's Attorney

I HEREBY FURTHER CERTIFY, that on this 21st day of June, 2019, a copy of the foregoing AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY was sent by first class mail, postage prepaid, to:

Nkiambi Jean Lema, 309 E. 25th Street, Baltimore, MD 21218, Debtor

/S/Gordon B. Heyman
Gordon B. Heyman

A16240 01 Motion for Relief Automatic Stay - Motion Amended