IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| NKIAMBI JEAN LEMA | * | CASE NO. 18-23004 MMH |
| DEBTOR | * | CHAPTER 13 |

* * * * * * * * * * * * * * * * * * * * * *

## MOTION TO PROHIBIT USE OF CASH COLLATERAL

Worthington Alternative Capital, LLC, Movant, by it undersigned counsel, files this *Motion to Prohibit Use of Cash Collateral* (the "Motion") pursuant to 11 U.S.C. §363, and in support of, states as follows:

### Background

1. Worthington Alternative Capital, LLC, (the "Movant") is a party in interest in the above-captioned bankruptcy proceedings by virtue of being a secured creditor of Nkambia Jean Lema (the "Debtor").

2. The jurisdiction of this Court is pursuant to 28 U.S.C. 1334 and U.S.C. 157.

3. On or about September 30, 2018, the Debtor filed a Voluntary Petition under Chapter 13 of the U.S. Bankruptcy Code.

4. Robert S. Thomas is the Chapter 13 Trustee of Debtor's bankruptcy estate.

5. The relief sought with this Motion is based upon 11 U.S.C. 363, Federal Bankruptcy Rule 4001, and Maryland Bankruptcy Rule 4001 (a)-1.

### Facts

6. The Debtor executed a Promissory Note (the "Note"), on April 3, 2017, as evidence of a loan in the principal sum of $260,000.00.  A copy of the Note is attached hereto as Movant's Exhibit

"1".

7. The Debtor owns certain real property located in Baltimore City, Maryland known commonly as 230 East 25th Street (the "Baltimore City Property"), and certain real property located in Baltimore County, Maryland known commonly as 3605 Blair Avenue (the "Baltimore County Property"). The Baltimore City Property and the Baltimore County Property secure the Note and are more particularly described in a Deed of Trust, Security Agreement, and Assignment of Contracts, Leases and Rents (the "Deed of Trust") dated April 3, 2017 and executed by Debtor for the benefit of the Movant.  The Deed of Trust is recorded among the Land Records of Baltimore City, Maryland in Book 20419, page 38, as to the Baltimore City Property, and recorded among the Land Records of Baltimore County, Maryland in Book 39032, page 139, as to the Baltimore County Property.  A copy of the Deed of Trust securing the Baltimore City Property is attached hereto as Movant's Exhibit "2".  A copy of the Deed of Trust securing the Baltimore County Property is attached hereto as Movant's Exhibit "3".  The original principal amount of the Deed of Trust was $260,000.00.

8. The Deed of Trust states in Section 2.4:

"2.4.  *Assignment of Contracts, Leases and Rents*. Grantor hereby absolutely and unconditionally assigns to Beneficiary all Contracts, Leases and Rents.  This assignment of Contracts, Leases and Rents constitutes an absolute assignment and not an assignment for additional security only.  This Deed of Trust is a deed granting, assigning or otherwise transferring an interest in rents and profits within the meaning of Section 3-204 of the Real Property Article of the *Annotated Code of Maryland*."

9. The total of the debt owed as of the Petition date was $270,846.76.

10.  The Baltimore County Property and the Baltimore City Property are investment rental properties.  Debtor's Form 122C-1, states that his net monthly income from rental and other real

property is $2,770.00.

11. Despite the Movant's security interest in the Debtor's <u>cash collateral</u>, the Debtor has not filed a motion for authority to use cash collateral.

### **Argument**

12. The Debtor's cash, revenues, income and profits arising from the use of its assets constitutes "cash collateral," as that term is defined by 11 U.S.C. § 363(a).

13. "The [Debtor] may not use, sell, or lease cash collateral ... unless (A) each entity that has an interest is such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

14. Movant does not consent to the Debtor's use of cash collateral derived from the Baltimore County Property and the Baltimore City Property, and this Court has not authorized such use.

15. The Debtor has failed to maintain the insurance covering the Baltimore County Property and the Baltimore City Property as required by the Deed of Trust.

16. The Debtor has not made any payments on the Note since the commencement of this case on September 30, 2018.

WHEREFORE, THE MOVANT prays that this Court enter an Order:

a. Prohibiting the Debtor's use of the cash collateral;

b. Requiring the Debtor to pay over all rents it receives to the Movant;

  c. Requiring the Debtor to account for the rents received from the properties described herein;

  d. Requiring the Debtor to provide adequate protection to the Movant; and

  e. For such other and further relief as the nature of Movant's cause may require.

        /s/ Gordon B. Heyman
        Gordon B. Heyman, Esquire
        Alliant Legal Group, LLC
        6 Reservoir Circle, Suite 203
        Baltimore, MD 21208
        (410) 366-1710
        Fed. Bar No.: 02479
        gheyman@alliantlegal.com

        Attorneys for Worthington Alternative Capital, LLC

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY, that on this 9th day of July, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion to Prohibit Use of Cash Collateral together with the accompanying proposed Order will be served electronically by the Court's CM/ECF system on the following:

  Kim D. Parker, Esquire
  Debtor's Attorney

  Robert S. Thomas II
  Chapter 13 Bankruptcy Trustee

  I HEREBY FURTHER CERTIFY, that on this 9th day of July, 2019, a copy of the foregoing Motion to Prohibit Use of Cash Collateral together with the accompanying proposed Order were sent by first class mail, postage prepaid, to:

  Nkiambi Jean Lema, 309 E. 25th Street, Baltimore, MD 21218, Debtor

        /s/ Gordon B. Heyman
        Gordon B. Heyman